STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JAMES LOCKE, PLAINTIFF IN ERROR.

Submitted February 17, 1939—Decided April 21, 1939.

For the plaintiff in error, *Levitan & Levitan* (*Abraham Levitan,* of counsel).

For the state, *Daniel T. O'Regan,* prosecutor of the pleas, *William T. Cahill* and *Frank G. Schlosser,* assistant prosecutors of the pleas.

The opinion of the court was delivered by

PERSKIE, J. We are entirely satisfied that the judgment under review should be affirmed, for the reasons expressed by Mr. Justice Parker in the Supreme Court.

We pause merely, in the interest of proper practice, to mark the fact that the additional point presently stated and argued here for plaintiff in error is not properly before us. That point is that the Supreme Court erred in its refusal, after it had decided the cause, to permit an amendment of the uncertified trial record upon which it had reached its result. The purpose of amending that record with *ex parte* affidavits was to disclose for the first time the difficulties that plaintiff in error allegedly claims to have had with his other counsel prior to the date of his trial.

Notwithstanding the denial by the Supreme Court to permit the inclusion of the *ex parte* affidavits in the record, these affidavits are, nevertheless, included in the record submitted to us. No authority for this is made to appear. We could, therefore, with propriety stop at this point. But for the reason already stated we do not choose to do so.

Obviously, the amendment was for the sole purpose of supplying additional proofs to bolster the tenuous claim that plaintiff in error again makes in this court, namely, that he did not have "legal and proper" benefit of counsel.

A statement of the facts will be helpful. This cause was argued orally in the Supreme Court on October 5th, 1937, upon a record which plaintiff in error, of his own choosing, submitted. That court, on the record as submitted, filed its opinion on October 14th, 1937, sustaining the conviction. In so doing it considered and adversely disposed of the point there raised that plaintiff in error "did not have the legal and proper benefit of counsel."

Thereafter (we gather this information from the brief of counsel for the plaintiff in error, which is, of course, no part of the record), on February 7th, 1938, counsel for plaintiff in error apparently made an informal application to the Supreme Court for leave to supplement the record to the extent already stated. Pursuant to direction, the proposed amendment, in affidavit form, was submitted, on August 18th, 1938, to each member of the court who participated in the consideration and disposition of the cause. On September 13th, 1938, the application was denied. The propriety of that denial is challenged.

It is rudimentary that the record submitted to the Supreme Court "imports absolute verity." *State* v. *Noel,* 102 *N. J. L.* 659 (at *p.* 670); 133 *Atl. Rep.* 274. If that record is wrong plaintiff in error was not without remedy; he could have corrected it by the methods pointed out in *Gibbs and Stanton* v. *State,* 45 *N. J. L.* 379, 389, 390; *affirmed,* 46 *Id.* 353.

Once, however, a party to a cause freely submits a record of his own choosing to a court for review, he is bound by that record. After an adverse result based upon a record so submitted, he cannot and should not be permitted to supplement that record, for the sole purpose of further appeal, with data that was known to him but for reasons not made to appear were not included in the record submitted, in the first instance, to the court for review. It requires no extended discussion to demonstrate that if it were otherwise, the orderly and expeditious administration of justice would be most seriously impaired if not rendered altogether nugatory. Notwithstanding the contention to the contrary, the fact that the challenged denial by the Supreme Court was prior to the date of the writ of error (October 6th, 1938) is beside the point.

The Supreme Court did not, as it is alleged, err. On the contrary, its refusal to supplement the record, under the circumstances, was proper.

Accordingly the judgment is affirmed.

*For affirmance*—The Chancellor, Case, Bodine, Donges, Heiter, Perskie, Porter, Hetfield, Dear, Wells, Wolfskeil, Rafferty, Hague, JJ. 13.

*For reversal*—None.